### Pohland v. Pohland

*George A. Kotjarapoglus,* for plaintiff.
*Thomas E. Rodgers,* for defendants.

ACKERMAN, *J.,* January 6, 1986—Plaintiffs are trustees of a corporate pension plan. Defendant, Richard D. Pohland is also a trustee and his estranged wife, Dorothy J. Pohland, also a defendant,

was the bookkeeper for the pension plan. In plaintiffs' complaint in equity they allege that both defendants made unlawful party-in-interest loans from the pension plan to the corporation. A default judgment has been entered against defendant, Richard D. Pohland. Defendant, Dorothy J. Pohland, has filed various preliminary objections to plaintiffs' complaint which, after review, I conclude should be denied.

Mrs. Pohland first maintains that this court is without jurisdiction to entertain plaintiffs' complaint. The complaint alleges that defendants breached various fiduciary duties as pension fund trustees in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. (ERISA). According to defendant, jurisdiction for litigation under ERISA rests exclusivly with the federal courts. In support of that position, defendant cites 29 U.S.C.A. §1303. This section provides that certain actions under the act may be initiated in the United States District Courts. The use of the word "may" demonstrates that the jurisdiction of the federal courts is not exclusive. In addition, defendant's reliance upon this section is misplaced since the section addresses actions brought against a corporate receiver or trustee. This action is against Dorothy J. Pohland as an individual. Defendant has failed to provide authority supporting her position that exclusive jurisdiction lies within the federal courts.

Mrs. Pohland argues that plaintiffs' complaint should be considered fatally defective because it fails to allege immediate and irreparable injury as required by Pa.R.C.P. 1531. However, Rule 1531 is applicable only if a party is seeking a preliminary or special injunction. Plaintiffs here are not seeking

such an injunction and, therefore, Rule 1531 is inapplicable.

Defendant would have the complaint dismissed because she contends that the plaintiffs have a full and adequate remedy at law. The complaint alleges that defendant improperly transferred pension assets to the corporation and then improperly distributed the assets from the corporation. It also alleges that Mrs. Pohland improperly referenced fictitious mortgages or loans in connection with the transfer and subsequently concealed these transactions from the plan's consultant. According to the complaint, her unlawful and improper removal of monies from the pension plan and the subsequent concealment of those transactions was for the purpose of perpetuating her position as a salaried employee with the corporation and in breach of a fiduciary duty, which she owed to the pension plan and to the corporation. The complaint also avers that Mrs. Pohland converted the plan assets to her own benefit. Finally, plaintiffs allege that defendant was a trustee of the assets of the plan either expressed or implied, resulting in a constructive trust. In its prayer for relief, the complaint asks that the court declare an express, implied, resulting or constructive trust in favor of plaintiffs against specifically enumerated assets of defendant. The complaint also seeks to enjoin the defendant from transferring the assets improperly diverted from the trust. The complaint is sufficient to confer equitable jurisdiction. Equity has jurisdiction in all cases of trust, expressed or implied, and will grant relief in cases where, as here, there is an allegation of intentional omission and concealment. Fraser Fund v. Fraser, 350 Pa. 553, 40 A.2d 22 (1945).

Defendant next argues that plaintiffs' complaint lacks specificity. She complains that the complaint

fails to include any documents or records that would substantiate plaintiffs' allegations. A review of the complaint, however, demonstrates that it is sufficiently specific. In regard to the lack of records or documents, plaintiffs allege that the actions of defendant were secretive and carried out in such a manner as to elude detection. Accepting these allegations as true, whatever documents may exist are either missing or in the control of defendant. Discovery is the proper avenue for establishing the existence of records and documents.

Mrs. Pohland argues that the complaint should be dismissed because plaintiffs have asserted a similar counterclaim to a suit filed against them by her and Richard D. Pohland at no. 7707 of 1983. However, that counterclaim was filed by the corporation. In the within action, the individual plaintiffs, as trustees of the pension plan, are the parties-in-interest. The actions are, therefore, not similar.

Next, defendant states that the complaint against her has failed to state a cause of action. This issue has been previously addressed. Plaintiffs have alleged sufficient facts to warrant equitable jurisdiction; and if the facts, as pled relative to the conduct of the defendant, are proven, they would be sufficient to entitle plaintiffs to equitable relief.

According to defendant, this action may not proceed in the absence of the corporation which defendant views as a necessary party. A review of the complaint demonstrates that plaintiffs are not seeking to recover on behalf of the corporation, but, rather, on their own behalf as trustees of the pension plan. The corporation, therefore, is not a necessary party.

Finally, defendant avers that plaintiffs' complaint should be dismissed because plaintiffs have not brought the suit with clean hands. Accepting as

true all of the allegations contained in plaintiffs' complaint, there is no indication of unclean hands on their part. The issue of unclean hands is a defense which may be pled in defendant's answer, but is not a proper subject for preliminary objections.

## ORDER OF COURT

And now, this January 6, 1986, the preliminary objections of defendant, Dorothy J. Pohland, are hereby dismissed and defendant is granted leave to file an answer to plaintiffs' complaint within the next 20 days.